Submitted on briefs May 8, affirmed June 13, 1974

COOK, *Respondent, v.* LOOMIS, *Appellant.*
522 P2d 1381

Verden L. Hockett, Jr. and James H. Spence, Roseburg, filed briefs for appellant.

William C. Wolke of Luoma, Kelley, Woodruff & Wolke, Roseburg, filed a brief for respondent.

O'CONNELL, C. J.

This is an action to recover damages for breach of a covenant in a lease. As a part of his defense, defendant sought reformation of the lease. The trial court denied defendant's prayer for reformation and the case was then tried to the jury, which found for plaintiff. Defendant appeals.

Defendant was engaged in the business of applying fertilizers and weed killer by airplane, commonly described as "crop dusting." He held an agricultural aircraft operator's certificate issued by the Federal Aeronautics Administration. Plaintiff, who held a commercial airplane pilot's license but who had no crop dusting experience, talked to defendant about going into the crop dusting business. Defendant proposed that they work together under some kind of a business arrangement. It was finally decided that defendant would lease to plaintiff an aircraft for a period of ten months for $10,000, payable on the execution of

the lease, with an option to purchase during the term upon the payment of an additional one dollar. The lease was prepared by defendant's attorney. Defendant told his attorney that he would provide the insurance, intending to refer to liability insurance but not intending to provide insurance to plaintiff for damage to the aircraft during plaintiff's operation of it. However, defendant's attorney understood that defendant wanted a provision to include all coverage and as a consequence he prepared the following lease provision:

"8. Lessor shall be liable for any loss or damage to the aircraft during the term of the lease and shall, at his own expense, keep the aircraft, along with the engine, propeller, instruments and accessories insured against loss or damage and, in the event of insured loss or damage, Lessee shall receive all proceeds from such insurance up to Ten Thousand and no/100 Dollars ($10,000.00).

"9. Lessor agrees to defend, indemnify and hold harmless Lessee from and against all losses, including costs and expenses, by reasons of claims for injury to or death of persons and loss of or damage to property arising out of or in any manner connected with the possession, use or operation of the aircraft by Lessee during the term of this lease, and Lessor shall keep in full force and effect, at his own expense, liability insurance against such claims."

After the lease was executed plaintiff, while crop dusting, crashed the plane causing damage in excess of $10,000. The loss was not covered by insurance. Plaintiff brought this action against defendant to recover $10,000 under the terms of paragraph 8 of the lease.

The lease clearly obligates defendant to indemnify lessee against *all* losses and to provide insurance to cover such losses. Defendant contends, however, that

he explained to plaintiff that it was impossible to obtain coverage for damage to the aircraft itself while being operated by plaintiff, since plaintiff was not licensed to carry on crop dusting operations and that it was orally agreed between the parties that defendant would be obligated to provide only liability insurance.

Plaintiff denied any knowledge of the limitation of the coverage of the policy and denied entering into any agreement absolving defendant from liability to reimburse plaintiff for damage to the plane.

■ Thus we are presented with a question of the credibility of the parties. The trial judge believed plaintiff. We find nothing in the transcript to prompt us to take a different view of the testimony. The prayer for reformation contained in defendant's equitable defense was, therefore, properly denied.

The remainder of defendant's assignments of error relate to issues arising from the jury trial on plaintiff's cause of action on the lease.

The second and third assignments are closely related and may be considered together. Defendant contends that plaintiff's sole allegation of defendant's liability was that defendant had breached the lease agreement by failing to purchase hull insurance. Defendant alleged and introduced evidence to show that no insurance company would provide hull insurance on an aircraft which was being operated by someone with plaintiff's limited crop dusting experience. Based on this fact, defendant pleaded two affirmative defenses, each of which was stricken by the trial court. The first alleged that because insurance could not be obtained, the doctrine of impossibility of performance exonerated defendant from liability. The second affir-

mative defense alleged that because no available insurance would have covered the loss in this case, plaintiff's loss was not "caused" by defendant's failure to secure insurance.

■ Assuming, without deciding, that defendant's allegations would be sufficient to allege impossibility of performance if plaintiff's only allegation was defendant's failure to obtain insurance, neither defense is good because contrary to defendant's assertion, plaintiff's complaint alleged that defendant breached this contract not only by failing to provide insurance, but also by failing to indemnify plaintiff for the loss. The indemnity claim constituted an independent ground for recovery. Consequently, neither of these affirmative defenses was legally sufficient and each was properly stricken.

■ Defendant's fourth and fifth assignments may also be considered together. Defendant claims that he was entitled to a directed verdict because plaintiff failed to prove that he had performed all conditions precedent required by the contract to be performed by him. In a related point, he claims that the trial court erred in refusing to strike the allegations of waiver and estoppel contained in plaintiff's reply.

Defendant's argument in substance is that plaintiff failed to prove that he had complied with paragraph 6 of the lease.[1] This paragraph required plaintiff to operate the airplane according to standard

---

[1] It is also claimed that plaintiff failed to comply with paragraph 7 of the lease, which required plaintiff to maintain the proper insignia on the airplane hull. The evidence does not support this claim, however, because the insignia appears in slide photographs of the airplane taken shortly before the crash, while under plaintiff's control.

operating practices and procedures. Defendant's claim is that plaintiff did not comply with this provision because, contrary to standard practice and procedure, he was flying the airplane alone at the time of the crash.

The argument is not sound. The evidence was conflicting as to what operating practices and procedures are standard and as to whether plaintiff was conforming to them at the time of the crash. More important, plaintiff presented evidence that he was acting pursuant to defendant's direction in order to permit the defendant to work simultaneously and thus fulfill more of the crop dusting contracts. Under these facts, we believe the trial court acted properly in denying defendant's motion for a directed verdict and his motion to strike plaintiff's replies.

Judgment affirmed.